UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN HOLMAN, SR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:24-CV-492-GSL-JEM |

OPINION AND ORDER

Justin Holman, Sr., a prisoner without a lawyer, filed an amended complaint. ECF 43. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Holman is an inmate that has been housed in Indiana State Prison's "C" cell house since February 6, 2024. He alleges that pigeons and other birds have taken up residence in the cell house, and he has been harmed by breathing in their excrement. He is suing Warden Ron Neal and Debra Taylor, the pest inspector and hazardous materials supervisor, for subjecting him to unconstitutional conditions of confinement. His amended complaint seeks both monetary damages and injunctive relief.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Prolonged exposure to infestations can be serious enough to amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate

complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Holman asserts that pigeons and other birds are living in the cell house and their excrement is everywhere. This includes the fans in the unit, which causes dried bird feces to enter the air. Holman's earlier complaint indicated that he suffered from respiratory health problems that he associated with the conditions in the cell, but it did not indicate what symptoms he experienced, when he started experiencing them, why he believes the symptoms are linked to the presence of pigeons, when he sought medical care, or what medical care, if any, was provided. In the amended complaint, Holman clarifies that he never suffered from allergies or respiratory problems prior to residing in "C" cell house, and he developed shortness of breath, headaches, and coughing shortly after he arrived. He initially thought he had a cold, but his symptoms persisted. Less than four months after he arrived, he was diagnosed with asthma. Since then, he has been prescribed medications to treat his condition. These allegations are sufficient to satisfy the objective component of the analysis.

On the subjective prong of the analysis, Holman asserts that he addressed his concerns in grievances dated May 15, 2024, directed to Warden Ron Neal and Debra Taylor. The grievances were submitted through grievance specialist Alicia Wildfang, who never responded to them. On May 25, 2024, a team of fifteen workers spent approximately three hours cleaning in the unit. They used water to spray down the fans on the main level and swept and mopped up the excrement that fell to the floor. Holman notes that this was the only attempt to clean up the excrement that he

3

witnessed between the filing of his grievance and the filing of his amended complaint on less than two months later. He also notes that the team used water without disinfectants, which he viewed as unsatisfactory. To Holman's knowledge, the only time Warden Ron Neal was present in "C" cell house was when he spent approximately fifteen minutes on the first floor of the unit on June 13, 2024.

"[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009). Supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). It is plausible to infer that ISP's pest inspector, Debra Taylor, was aware of the conditions Holman describes in "C" cell house and failed to take action to remedy those conditions, so Holman will be permitted to proceed against her on an Eighth Amendment claim for subjecting him to unconstitutional conditions of confinement. It is not plausible to infer that Warden Neal, who was present on the main level of the unit for only fifteen minutes shortly after it was cleaned, was sufficiently aware of the conditions in the dorm to permit him to be held individually liable. However, Holman will be granted leave to proceed against Warden Neal in his official capacity for permanent injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

For these reasons, the court:

(1) GRANTS Justin Holman, Sr., leave to proceed against Debra Taylor in her individual capacity for compensatory and punitive damages for subjecting him to unsanitary conditions of confinement due to an infestation of pigeons and other birds, from February 6, 2024, to present, in cell house "C" of Indiana State Prison, resulting in a new onset of respiratory problems, in violation of the Eighth Amendment;

(2) GRANTS Justin Holman, Sr., leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to provide him with sanitary conditions of confinement, consistent with the requirements of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal and Debra Taylor at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 43);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Debra Taylor to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 9, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT