**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JUSTIN HOLMAN, SR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:24-CV-492-JEM |
| | ) | |
| RON NEAL and DEBRA TAYLOR, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Justin Holman, Sr., a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Debra Taylor in her individual capacity for compensatory and punitive damages for subjecting him to unsanitary conditions of confinement due to an infestation of pigeons and other birds, from February 6, 2024, to present, in cell house 'C' of Indiana State Prison, resulting in a new onset of respiratory problems, in violation of the Eighth Amendment;" and (2) "against Warden Ron Neal in his official capacity for injunctive relief to provide him with sanitary conditions of confinement, consistent with the requirements of the Eighth Amendment." ECF 55 at 5. The defendants filed a motion for summary judgment, arguing Holman did not exhaust his available administrative remedies before filing this lawsuit. ECF 72. Holman filed a response, and the defendants filed a reply. ECF 79, 80, 82. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe

1

all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required Holman to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 72-1 at 2; ECF 72-2 at 3. Regarding the first step, the offender must submit a completed grievance form to the grievance office within ten business days from the date of the incident giving rise to the complaint. ECF 72-2 at 9. Then, "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id.* "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* If the Grievance Specialist does not respond to the offender's written notification within ten business days, the Offender Grievance Process does not provide any further available remedies for the offender to exhaust. *See* ECF 72-2.

On May 15, 2024, Holman submitted two grievances complaining of the unsanitary conditions in his cellhouse. ECF 1-1 at 1, 4. On May 29, 2024, Holman submitted a written notification to the Grievance Specialist, notifying her he had not received any receipt or response to his May 15 grievances. *Id.* at 2. Holman did not receive any response to this written notification within ten business days. ECF 80 at 8. On June 12, 2024, after ten business days had passed and Holman had not received any response to either his May 15 grievances or his May 29 written notification, he filed this lawsuit. *Id.*; ECF 1 at 12. On June 21, 2024, after Holman filed this lawsuit, the Grievance Specialist issued a receipt for at least one of his May 15 grievances. ECF

3

72-4 at 2. In September 2024, the Grievance Specialist issued a response denying the grievance on its merits, and Holman never appealed that response. ECF 72-1 at 6; ECF 72-4 at 1.

In this case, the relevant date for determining whether Holman exhausted his available administrative remedies is June 12, 2024 – the date he filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). The undisputed facts show Holman had exhausted all remedies that were available to him at that time. Specifically, Holman submitted his relevant grievances on May 15, waited ten business days, and then submitted a written notification to the grievance office on May 29 notifying her of the lack of response to his grievances. ECF 1-1 at 1-2, 4. At that point, the Grievance Specialist had ten business days to "investigate the matter and respond to the offender's notification." ECF 72-2 at 9. Holman waited ten business days and, when he had not received any response from the Grievance Specialist within that ten-day timeline, he proceeded to file this lawsuit on June 12. Thus, at the time Holman filed this lawsuit on June 12, he had exhausted all administrative remedies that were available to him, and the Grievance Specialist made any further administrative remedies unavailable by failing to issue any response to his grievances and written notification. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *see also Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement."). The fact that the Grievance Specialist later issued a receipt and a response to

4

Holman's grievances *after* he filed this lawsuit is not relevant to the exhaustion analysis. *See Mayberry*, 2024 WL 4274856, at *3.

Accordingly, the undisputed facts show Holman had exhausted all administrative remedies that were available to him when he filed this lawsuit on June 12, 2024, and the grievance office made any further remedies unavailable by failing to respond to both his grievances and his subsequent written notice. Therefore, the defendants have not met their burden to show Holman did not exhaust his available administrative remedies before filing this lawsuit.

For these reasons, the Court **DENIES** the defendants' motion for summary judgment ECF 72.

SO ORDERED this 24th day of July, 2026.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*

5